COMMONWEALTH *vs.* THOMAS SNOW.

On the trial of S. for being a common seller of intoxicating liquors, two sales were proved, and a witness testified that he bought liquor at the same place " of a man they called S.," who " looked pretty near like " the defendant, but whom he would not swear to be the defendant. *Held*, that this was not sufficient evidence of a third sale by the defendant

COMPLAINT on *St.* 1855, *c.* 215, § 17, for being a common seller of spirituous and intoxicating liquors. At the trial in the superior court in Middlesex at October term 1859, the Commonwealth proved two sales of intoxicating liquor by the defendant at the Lake Shore House in Natick ; and as evidence of a third sale introduced the following testimony of Edward Gannett : " Within four weeks of the trial before the magistrate, I got a glass of gin at the Lake Shore House, of a man they called Snow. I won't hardly say that this defendant is the man. I think he looked pretty near like the man called Snow there ; never knew any one else there by name of Snow, and never saw the man they called Snow there before ; paid him for the gin. I won't swear this was the man I bought the gin of."

The defendant contended that this evidence was not sufficient to identify the defendant as the person who made the sale to Gannett, and that there was not sufficient evidence of a third sale by the defendant to the witness. But *Rockwell*, J., instructed the jury " that the government must satisfy them that the defendant had made three distinct sales ; that the evidence of Gannett was competent for them to consider as proof of one of the sales by the defendant ; that if they were satisfied by the evidence of Gannett that the defendant made the sale to him,

then they might convict the defendant." The defendant, being convicted, alleged exceptions.

*T. H. Sweetser*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

SHAW, C. J. The evidence was competent in the first instance, because it proved one material fact, to wit, a sale of liquors by somebody; but the evidence failing to identify the person of the defendant, the court should have instructed the jury that without further evidence of his identity it was not competent to prove a third sale.     *Exceptions sustained.*